

```
                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA


RICHARD DENSON,

        Plaintiff,                    Case No. 2:10-CV-00525-RCJ-(LRL)

vs.                                   ORDER

CLARK COUNTY, et al.,

        Defendants.
```

Before the court is plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed it, and plaintiff will need to file an amended complaint. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1  Plaintiff alleges that in the early morning of January 7, 2010, police officers were watching him
2  and waiting for him to climb down from a roof. Plaintiff further alleges that after he climbed down, a
3  truck approached him with its headlights on. Plaintiff ran to avoid the truck, and defendant Ducas, who
4  was driving the truck, steered toward plaintiff, accelerated, and struck plaintiff. Plaintiff was arrested.
5  Plaintiff next alleges that the medical care for his injuries was inadequate. He alleges that police
6  officers left him sitting handcuffed for an hour before an ambulance arrived to take him to the hospital.
7  Once at the hospital, he was diagnosed with at least 3 broken ribs. At the jail, plaintiff alleges that
8  defendant Napcare, Inc., which handles medical care at the jail, gave him 600mg of ibuprofen every 12
9  hours, which did not alleviate the pain. Plaintiff also alleges that several days after being struck, he
10 started feeling pain from other injuries, but that defendant Napcare, Inc., gave him only ibuprofen.
11 At the end of his complaint, plaintiff alleges that he is kept in his cell for 23 hours a day, and that
12 his only access to the jail's law library is by inmate request forms.
13 The last two items in plaintiff's complaint do not state a claim upon which relief can be granted.
14 A pre-trial detainee may be kept in a cell for 23 hours a day. Anderson v. County of Kern, 45 F.3d
15 1310, 1316 (9th Cir. 1995). Plaintiff is a criminal defendant in several actions in the Eighth Judicial
16 District Court of the State of Nevada. Counsel represents plaintiff in those actions, and provision of
17 counsel satisfies the right of access to the courts. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th
18 Cir. 1981). If plaintiff can allege additional facts for these two items that could state claims, then he
19 should put them into separate counts.
20 Plaintiff's other allegations do state claims upon which relief can be granted, but they require
21 some amendment because plaintiff has used incorrect constitutional provisions. In count 1, plaintiff
22 alleges that defendant Ducas's actions violated the Eighth Amendment. Plaintiff was not a prison inmate
23 under a judgment of conviction at the time, and thus the Eighth Amendment is inapplicable. The Fourth
24 Amendment is the correct constitutional provision regarding the force used to seize plaintiff. In count
25 2, plaintiff alleges that his medical care violated the Eighth Amendment. Again, plaintiff was not a prison
26 inmate under a judgment of conviction at the time, and thus the Eighth Amendment is inapplicable. Bell
27 v. Wolfish, 441 U.S. 520, 535-37 & n.16 (1979). The Fourteenth Amendment is the correct
28 constitutional provision regarding medical care that a pre-trial detainee receives at a jail. See City of

Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983), Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). In count 3, plaintiff alleges that his being struck by the truck and his medical treatment in jail violated the Fourth Amendment. The Fourth Amendment is the correct provision regarding the use of force, but the Fourteenth Amendment is the correct provision regarding medical care. Additionally, the factual allegations in count 3 repeat the allegations in counts 1 and 2. Plaintiff's amended complaint should have a count invoking the Fourth Amendment regarding the use of force at his arrest, and the amended complaint should have a count invoking the Fourteenth Amendment regarding the medical care at the jail.

Plaintiff has named several defendants, described below for which he does not state a claim. In his amended complaint, plaintiff will need to allege facts that could show how these defendants are liable, or plaintiff will need to omit these defendants.

One defendant, the Clark County Detention Center, is a building. Plaintiff cannot sue a building.

Plaintiff has sued the Las Vegas Metropolitan Police Department and Doug Gillespie, Sheriff of Clark County, in his official capacity. While individual-capacity actions seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity actions generally represent another way of suing "an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)). In the case of defendant Gillespie, that entity is the Las Vegas Metropolitan Police Department. To succeed with claims against the department and defendant Gillespie in his official capacity, plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom, Monell, 436 U.S. at 690, or through a failure to train municipal employees adequately, City of Canton v. Harris, 489 U.S. 378, 388-91 (1989). Plaintiff's allegations do not support the conclusion that what happened resulted from such official action of the Las Vegas Metropolitan Police Department.

Finally, plaintiff has sued Clark County, but because of the structure of government agencies in Clark County he has not alleged any facts that show how the county itself was involved in his arrest or his medical care. The Las Vegas Metropolitan Police Department is a distinct entity, with its own capacity to sue and to be sued. Nev. Rev. Stat. § 280.280. It operates the Clark County Detention

1  Center. See Nev. Rev. Stat. § 280.284. According to plaintiff's allegations, a detective of the police
2  department struck him with a truck, and a contractor of the police department has provided him with
3  inadequate medical care. No policy or custom of Clark County is apparent from the allegations. Unless
4  plaintiff can allege how the county itself was involved in these events, he should omit Clark County in
5  his amended complaint.

6  Plaintiff has submitted a motion in support of appointment of counsel (#2). "There is no
7  constitutional right to appointed counsel in a § 1983 action. However, in 'exceptional circumstances,'
8  a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915[(e)(1)]. To
9  decide whether these exceptional circumstances exist, a district court must evaluate both the likelihood
10 of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the
11 complexity of the legal issues involved." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997)
12 (internal quotations and citations omitted), withdrawn on other grounds, 154 F.3d 952, 954 n.1 (9th Cir.
13 1998) (en banc). The court finds that exceptional circumstances do not exist in this case, and the court
14 denies the motion (#2).

15 IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint.

16 IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim upon
17 which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights complaint
18 form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to
19 submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to
20 comply with this order will result in the dismissal of this action.

21 IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by
22 placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C.
23 § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:10-CV-00525-RCJ-(LRL),
24 above the word "AMENDED."

25 IT IS FURTHER ORDERED that plaintiff's motion in support of appointment of counsel (#2)
26 is **DENIED**.

27 Dated: This 3rd day of August, 2010.

ROBERT C. JONES
United States District Judge

-4-