# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD DENSON,

    Plaintiff,

vs.

DET. J. DUCAS, et al.,

    Defendants.

Case No. 2:10-CV-00525-RCJ-(LRL)

**ORDER**

    Plaintiff has submitted an amended complaint (#6). The court has reviewed it, will dismiss defendant Ducas in his official capacity only, and will direct service of process upon defendants.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

In count 1, plaintiff claims that defendant Ducas, a detective of the Las Vegas Metropolitan Police Department, violated the Fourth Amendment. Plaintiff had climbed down from a roof, was blinded by headlights from a truck, tried to flee. Defendant Ducas, who was driving the truck, accelerated and struck plaintiff with the truck. Plaintiff suffered broken bones and other injuries. Now that plaintiff has invoked the correct constitutional provision, he has stated a claim against defendant Ducas in his individual capacity. See Order (#4), pp. 2-3.

Plaintiff still has not stated a claim against defendant Ducas in his official capacity. As the court has noted in its earlier order (#4), individual-capacity actions seek to impose personal liability upon a government official for actions performed under color of state law, and official-capacity actions generally represent another way of suing "an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)). For defendant Ducas, that entity is the Las Vegas Metropolitan Police Department. To succeed with an official-capacity claim against Defendants, Plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom, Monell, 436 U.S. at 690, or through a failure to train municipal employees adequately, City of Canton v. Harris, 489 U.S. 378, 388-91 (1989). The court noted that plaintiff's allegations in the original complaint (#5) did not support the conclusion that what happened resulted from such official action of the Las Vegas Metropolitan Police Department. Order (#4), p. 3. The amended complaint (#6) does not correct that defect. The court will dismiss the official-capacity claim against defendant Ducas, but the individual-capacity claim against defendant Ducas will remain.

Count 2 is a claim that defendant Napcare, Inc., was deliberately indifferent in its treatment of the injuries that plaintiff suffered. Because defendant Napcare, Inc., has contracted with the Las Vegas Metropolitan Police Department to provide medical services at the Clark County Detention Center, it is a person that acts under color of state law for the purposes of 42 U.S.C. § 1983. West v. Atkins, 487 U.S. 42, 54 (1988). Plaintiff has stated a claim against defendant Napcare, Inc.

IT IS THEREFORE ORDERED that the official-capacity claim against defendant Ducas is **DISMISSED**. Defendant Ducas remains as a defendant in his individual capacity.

IT IS FURTHER ORDERED that the clerk of the court shall issue summons to the named defendants herein, and deliver same with copies of the amended complaint (#6) and this order to the U.S. Marshal for service.  Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.  If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

Dated: This 1st day of October, 2010.

_____
ROBERT C. JONES
United States District Judge