**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD A. DENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-00525-RCJ-LRL |
| vs. ) | |
| ) | |
| DOUG GILLISPIE et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The Court screened the Amended Complaint ("AC") and allowed the action to proceed in part. Defendant Napcare, Inc. now moves to dismiss for failure to state a claim. For the reasons given herein, the Court grants the motion, with leave to amend.

## I.   FACTS AND PROCEDURAL HISTORY

On January 7, 2010, Plaintiff Richard Denson was on the roof of an unspecified building under the surveillance of thirteen police officers. (AC 4, Aug. 13, 2010, ECF No. 6). After he climbed down, he ran because he was startled by the headlights of a truck that he thought was trying to run him over. (*Id.*). The driver of the truck, Defendant Officer J. Ducas, sped after him, striking him at approximately thirty miles per hour. (*Id.*). Plaintiff suffered three broken ribs, a broken left foot, a chipped right elbow, damage to the neck, back and shoulder, and nerve damage. (*Id.*). Plaintiff notified Defendant Napcare, Inc. about his injuries during booking at Clark County Detention Center ("CCDC"), but Napcare employees denied treatment for Plaintiff's broken bones because there was no proof at the time, and instead they gave him

Ibuprofen. (*Id.* at 5). Approximately ten days later, Napcare employees gave Plaintiff x-rays, which confirmed broken ribs. As of August 3, 2010, however, he had not been taken to see a specialist, but had only been given painkillers. (*Id.*).

Plaintiff sued several Defendants in this Court. He soon filed the AC, which removed all Defendants except Ducas and Napcare. When Plaintiff filed the present lawsuit he was a prisoner at CCDC, but he now resides at High Desert State Prison ("HDSP"). *See* Online Search, Nevada Department of Corrections (Apr. 19, 2011, 8:57 AM), http://www.doc.nv.gov/notis/search.php. Plaintiff brings two claims: (1) Excessive Force under the Fourth and Fourteenth Amendments (Ducas); and (2) Deliberate Indifference under the Fourteenth Amendment (Napcare).

The Court screened the AC pursuant to 28 U.S.C. § 1915, dismissing the claim against Ducas in his official capacity, but otherwise permitting the claims to proceed. Napcare has now separately moved to dismiss the deliberate indifference claim.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

The Supreme Court had previously held that the dismissal standard under 28 U.S.C. § 1915 was not so stringent as that under Rule 12(b)(6), because the former applied only to "frivolous" claims. *See Neitzke v. Williams*, 490 U.S. 319, 325–26 (1989). However, Congress amended the general pro se screening statute, and added the prisoner litigation screening statute, to include the same "fail[ure] to state a claim upon which relief can be granted" language as appears in Rule 12(b)(6). *See* Prison Litigation Reform Act of 1995, Pub. L. 104-134, §§ 804–805, 110 Stat. 1321 (1996). *Compare* 28 U.S.C. § 1915(e)(2)(B)(ii), *and* 28 U.S.C. § 1915A(b)(1), *with* Fed. R. Civ. P. 12(b)(6).

**B.   Exhaustion**

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v.*

1  *Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)). A prison system's
2  own requirements "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199,
3  218 (2007).

4  Although once within the discretion of the district court, the exhaustion of administrative
5  remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need
6  not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*,
7  534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739–40 n.5). Even when the prisoner seeks
8  remedies not available in the administrative proceedings, notably money damages, exhaustion is
9  still required prior to filing suit. *Booth*, 532 U.S. at 741. The Supreme Court has strictly
10 construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into
11 statutory exhaustion requirements where Congress has provided otherwise.").

12 The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative
13 defense, and a defendant bears the burden of raising and proving that the plaintiff has not
14 exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9
15 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003). However, if the affirmative defense of non-
16 exhaustion appears on the face of the complaint, a defendant need not provide evidence showing
17 non-exhaustion. *See Jones*, 549 U.S. at 215. Failure to exhaust is treated as a matter in
18 abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule
19 12(b) motion. *Wyatt*, 3154 F.3d at 1119. The court may look beyond the pleadings and decide
20 disputed issues of fact without converting the motion into one for summary judgment. *Id.* "[I]f
21 the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper
22 remedy is dismissal of the claim without prejudice." *Id.* at 1119–20.
23 ///
24 ///
25 ///

### III. ANALYSIS

Napcare[1] asks the Court to dismiss the deliberate indifference claim under Rule 12(b)(6). The Court previously screened the AC under the same standard and permitted the claim to proceed against Napcare, because CCDC employed Napcare to provide medical services to inmates. *See West v. Atkins*, 487 U.S. 42, 54 (1988). However, the Court did not consider the arguments Napcare makes in its present motion: (1) non-exhaustion of administrative remedies; and (2) failure to state a claim against the standards of *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Court now addresses these arguments for the first time.

First, Napcare argues that Plaintiff failed to exhaust administrative grievances. Napcare notes that Plaintiff admits in his complaint that he did not use the Napcare medical grievance procedure with respect to this claim. Because Plaintiff has been transferred to HDSP since the alleged violations at CCDC, and as CCDC is not a part of the Nevada Department of Corrections, he presumably no longer has the opportunity to grieve the acts that occurred at CCDC. Napcare argues that Plaintiff had eight months to file a grievance while at CCDC but never did so. One might assume that if the Napcare or CCDC grievance procedures are no longer available to Plaintiff, and if the statute of limitations on the § 1983 claim has not run, that Plaintiff may bring the claim directly. But the Supreme Court has rejected this theory and held that the failure to take advantage of available grievance procedures does not waive the exhaustion requirement under the Prison Litigation Reform Act. *Woodford v. Ngo*, 548 U.S. 81, 86–99 (2006) (reversing the Ninth Circuit's ruling that the exhaustion requirement was waived in a case where a prisoner had failed to file a grievance within fifteen days, as required by the prison grievance procedure, and later filed a lawsuit).

Although Plaintiff never filed a Napcare grievance, he argues in his response that he in

---

[1] Napcare spells its name "NaphCare, Inc."

1 fact filed a CCDC grievance and that he was never given notice of any special Napcare
2 grievance procedure. Along with his many medical "kites," Plaintiff attaches a copy of a CCDC
3 grievance. The grievance is illegible, but Plaintiff argues it was an internal CCDC grievance
4 concerning his failure to receive treatment for his injuries. For the purpose of the motion to
5 dismiss, the Court is satisfied that Plaintiff attempted to exhaust his administrative remedies at
6 CCDC. Napcare may still argue this affirmative defense at the summary judgment stage.

7 Second, Napcare argues that Plaintiff has failed to plead a policy or custom under
8 *Monell*. It argues that without such a pleading, only its individual employee(s) may be liable for
9 constitutional violations, not Napcare itself, because there is no respondeat superior liability
10 under § 1983, and Napcare itself is analogous to a municipality in the present case. *See Monell*,
11 436 U.S. at 694. The Ninth Circuit does not appear to have directly addressed this question, and
12 Napcare cites no case law on point. The courts to address the question, however, have held that
13 when a company contracts with a governmental entity to perform governmental functions, the
14 company becomes the equivalent of a municipality for the purposes of § 1983 liability, and the
15 company itself will not be vicariously liable for the constitutional torts of its employees unless
16 *Monell* is satisfied. *See Buckner v. Toro*, 116 F.3d 450, 452–53 (11th Cir. 1997) (affirming
17 summary judgment against a deliberate indifference claim against a jail medical contractor for
18 failure to satisfy *Monell*); *Francisco v. Corr. Med. Sys.*, 548 F. Supp. 2d 128, 131 (D. Del. 2008)
19 ("Because the doctrine of *respondeat superior* is inapplicable in suits brought pursuant to section
20 1983, a company providing prison medical services is liable only where a custom or policy
21 results in deliberate indifference to a serious medical need."). The reasoning is sound, and the
22 Court dismisses the deliberate indifference claim against Napcare, with leave to amend in order
23 to add the individual employees as defendants or to re-plead the claim against Napcare to satisfy
24 *Monell*.
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) is GRANTED, with leave to amend.

IT IS FURTHER ORDERED that the Motion to Extend Time (ECF No. 18) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Dated this 19st day of April, 2011.

_____
ROBERT C. JONES
United States District Judge