UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD A. DENSON,

        Plaintiff,

v.

DOUG GILLISPIE, *et al.*,

        Defendants.

2:10-cv-00525-RCJ -VCF

**O R D E R**

Before the court is *pro se* plaintiff Richard A. Denson's Motion To Have This Matter Put On The Court's Calendar For A Status Check and Other Relief. (#43).

Plaintiff filed his first amended civil rights complaint on August 13, 2010 (#5), against Detective J. Ducas and Napcare, Inc. Plaintiff alleges that he was intentionally struck by Detective Ducas' unmarked police car, and suffered several broken bones, bruises, and nerve damage. (#5). He contends that he was subsequently given insufficient medical treatment when he arrived at Clark County Detention Center. *Id.* After reviewing the amended complaint (#5), the court dismissed defendant Detective Ducas in his official capacity only, and directed service of process upon the remaining defendants. (#8). Service was never effectuated on defendant Detective Ducas. Defendant Napcare filed a motion to dismiss the amended complaint on November 18, 2010. (#12).

The court entered a scheduling order on March 1, 2011. (#29). On March 21, 2011, Napcare filed a motion to stay discovery pending the outcome of the motion to dismiss. (#32). The court granted the motion, staying all discovery. (#34). Subsequently, on April 25, 2011, the court dismissed plaintiff's amended complaint against Napcare with leave to amend. (#35). The court held that plaintiff may amend his complaint in order to add individual employees of Napcare as defendants or to re-plead the claim against Napcare. *Id.* Plaintiff filed a second amended complaint on July 7, 2011, against defendant Detective Ducas and John Does #1 and #2. (#37). Thereafter, he filed a motion for

1  appointment of counsel (#39), which the court denied without prejudice (#39). The court held that "the
2  court will revisit the issue of appointed counsel once defendants have had an opportunity to respond to
3  the lawsuit." (#39). Plaintiff filed his present motion on November 2, 2011. (#43).

**Motion For Hearing**

In the present motion, plaintiff asks this court for several forms of relief and to hold a hearing on the same. (#43). He seeks an order from the court (1) permitting him to file a third amended complaint, (2) appointing counsel to assist him, (3) directing the clerk's office to furnish him with a docket sheet and other needed information, (4) directing the Marshal's office to cooperate with him and answer his inquiries, and (5) permitting him additional time to draft his third amended complaint and relief from the requirement that he attach it to his motion to file an amended complaint.

**A.     File Third Amended Complaint/Receive Additional Time**

In the court's previous dismissal order (#35), it dismissed all plaintiff's claims against Napcare with leave to amend. In the second amended complaint (#37), plaintiff asserts claims against Ducas and two unknown Napcare doctors for alleged violations of his fourth and fourteenth amendments. To date, defendant Ducas has not been served. In the present motion, plaintiff asks this court to permit him to file a third amended complaint. (#43). He asserts that this will allow him to "truly amend his complaint and comply with the court direction," and to "allege causes of action which can be raised not only as to the entities involved but the individuals" as well. *Id.* Plaintiff does not explain to the court *how* he intends on amending his complaint, *who* he will add as defendants, or *what* new claims he will assert. *Id.*

Pursuant to Local Rule 15-1, "the moving party shall attach a proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading." This rule enables the court to analyze whether an amendment would be futile, or whether it is justified. Absent an attached proposed amended complaint, the court cannot adequately determine whether

permitting the filing of an amended complaint is warranted. As plaintiff is proceeding *pro se*[1], the court will permit plaintiff thirty days from the entry of this order to file a proper motion to file third amended complaint. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel.). Such a motion must be titled "Motion For Leave To File Third Amended Complaint," must demonstrate the justification for filing such an amended complaint, and must have the proposed amended complaint attached thereto. Plaintiff's failure to abide by this order will result in a denial of the motion.

### B. Appointment Of Counsel

As the court held in its previous order (#39) denying counsel, "the court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted). The court stated in its order (#39) that it was "difficult to determine whether there is a likelihood of success on the merits of plaintiff's claims at this early stage of the proceeding," and that it "will revisit the issue of appointed counsel once defendants have had an opportunity to respond to the lawsuit."

At this stage, the defendants named in the second amended complaint have not been served and have not have appeared in the case, and plaintiff is seeking to file a third amended complaint. Therefore, as this action is still in an early stage, and defendants have not had an opportunity to respond, the motion for appointment of counsel is premature. Plaintiff may renew his motion *after* the court has ruled on his forthcoming motion for leave to file third amended complaint and *after* defendants have

---

[1] As the plaintiff is proceeding *pro se,* he is required to familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court. See *Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

been served and have had an opportunity to respond to the claims, if the filing of a third amended complaint is permitted.

### C. Request for Copy of Docket Sheet

Plaintiff asserts that he "anticipates future problems with...the [c]lerk's [o]ffice," and asks this court to order the clerk's office to provide him with a copy of the docket sheet and minutes of all relevant proceedings. (#43). In his previous motion for free copies, the plaintiff indicated that he was "in the dark [as] to the present status of his case," and needed to review the docket so he can "check his status and know how to proceed." (#40). Plaintiff does not have access to a computer, and cannot view the docket in this action.

The statute providing authority to proceed *in forma pauperis*, 28 U.S.C. § 1915, does not include the right to obtain court documents without payment. Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding *in forma pauperis* to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. *See, e.g., Collins v. Goord,* 438 F.Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker,* 43 F.3d 1483 (10th Cir. 1994) (no right to free copy of any document in record unless plaintiff demonstrates specific need); *In re Richard*, 914 F.2d 1526 (6th Cir. 1990) (28 U.S.C. § 1915 does not give litigant right to have documents copied at government expense); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (no free copy of court orders).

Here, plaintiff "anticipates" a future problem, but does not demonstrate a specific showing of a present need to review the docket. *Id.* In this order, the court has advised plaintiff specifically how to proceed in this action, by detailing what motion to file and the proper way to file it. Thus, a copy of the docket is not required in order for plaintiff to proceed. If, in the future, the plaintiff can demonstrate a present specific need for the copies, the court will entertain a subsequent motion for copies.

### D. Marshal's Office

Plaintiff also contends that he "anticipates future problems with...the Marshal's service as this

matter proceeds." (#43). Plaintiff asks this court to order the Marshals to "answer his correspondence and let him know if and when the [d]efendants are served with process." *Id.* The Marshals are not required to serve the defendants until the court screens the complaint and orders the Marshals to do so. Here, plaintiff is attempting to file a third amended complaint. Since the plaintiff has not been granted leave of the court to do so, the court has not screened the third amended complaint and has not ordered the Marshals to serve the defendants. Therefore, the Marshals do not have a duty to serve the third amended complaint or communicate with the defendant, and the present request regarding the Marshals is premature.

If the court permits the filing of the third amended complaint, screens the same, and plaintiff's claims survive, the court will order the clerk to file the complaint, issue summons to the defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the plaintiff. The plaintiff will then have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. At that point, the Marshals will be required to effectuate service on the defendants. The Marshals will then provide plaintiff with the completed USM-285 forms, which indicate whether defendants have been served. If the plaintiff desires any further action from the Marshals, the plaintiff shall file a motion with the court for such relief. The plaintiff shall not contact the Marshals directly.

Accordingly, and for good cause shown,

IT IS ORDERED that *pro se* plaintiff Richard A. Denson's Motion To Have This Matter Put On The Court's Calendar For A Status Check and Other Relief (#43) is GRANTED in part, and DENIED in part without prejudice, as discussed above.

IT IS THEREFORE ORDERED that plaintiff has thirty days from the entry of this order to file a Motion For Leave To File A Third Amended Complaint, in accordance with the Local Rules as set forth in this order. Failure to comply with the Local Rules shall result in the denial of the motion.

. . .

IT IS FURTHER ORDERED that in light of the court's ruling on the present motion, the request for a hearing is DENIED.

DATED this 18th day of November, 2011.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**