UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| RICHARD A. DENSON, | 2:10-cv-00525-MMD -VCF |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| DOUG GILLISPIE, *et al.,* | |
| Defendants. | |

Before the court are plaintiff Richard A. Denson's Motion to Extend Time to File Third Amended Complaint (#45) and Motion to Amend/Correct Complaint (#46). No Oppositions were filed. The Motions were referred to the undersigned U.S. Magistrate Judge on June 13, 2012.

**Background**

Plaintiff Denson filed a motion/application to proceed *in forma pauperis* (#1) and a motion for appointment of counsel (#2) on April 13, 2010. On May 17, 2010, the court granted plaintiff's motion/application to proceed *in forma pauperis* (#1) and stated that the court would screen the complaint as soon as the court's schedule permits. (#3). On August 4, 2010, the court entered an order dismissing plaintiff's complaint and permitting plaintiff to file an amended complaint within thirty (30) days from the entry of the order. (#4). The court held that plaintiff had incorrectly asserted violations of the Eighth Amendment, and that he should amend his complaint to assert claims under the Fourth and Fourteenth Amendments. *Id.* The court also denied plaintiff's motion for appointment of counsel (#2) and ordered the clerk to file the plaintiff's complaint. *Id.*

On August 13, 2010, plaintiff filed an amended complaint naming defendants Naphcare, Inc. and Detective J. Ducas. (#6). The court screened the amended complaint on October 1, 2010, and dismissed defendant Ducas in his official capacity only and directed service upon all defendants. (#8). On November 18, 2010, defendant Naphcare filed a motion to dismiss. (#12). On April 25, 2011, the court entered an order granting the motion with leave to amend. (#35). On May 24, 2011, plaintiff filed a motion for extension of time to file an amended complaint. (#36). On July 7, 2011, plaintiff filed a second amended complaint (#37) and a motion for appointment of counsel (#38). The court denied the motion for appointment of counsel without prejudice. (#39). On October 4, 2011, the court entered a minute order denying the motion for extension of time to file amended complaint as moot. (#41).

On November 2, 2011, plaintiff filed a motion to have this matter put on the court's calendar for status report. (#43). In the motion, plaintiff sought an order from the court (1) permitting him to file a third amended complaint, (2) appointing counsel to assist him, (3) directing the clerk's office to furnish him with a docket sheet and other needed information, (4) directing the Marshal's office to cooperate with him and answer his inquiries, and (5) permitting him additional time to draft his third amended complaint and relief from the requirement that he attach it to his motion to file an amended complaint. *Id.* On November 18, 2011, the court entered an order granting in part and denying in part plaintiff's motion (#43), and ordering plaintiff "to file a Motion For Leave To File A Third Amended Complaint, in accordance with the Local Rules" within thirty (30) days from the entry of the order. (#44).

**Pending Motions**

On December 14, 2011, plaintiff filed a motion to extend time to file third amended complaint, asking this court for a thirty (30) day extension. (#45). On December 28, 2011, plaintiff filed a motion for leave to file third amended complaint. (#46). In accordance with this court's order (#44), plaintiff attached his proposed third amended complaint (#46-1) to the motion. As plaintiff complied with the

court's order in filing his motion, the court finds that permitting plaintiff to file his third amended complaint is warranted and that plaintiff's request for a thirty (30) day extension is unnecessary.

Before ordering the clerk to file the plaintiff's amended complaint, however, the court must screen plaintiff's amended complaint. Pursuant to 1915(e)(2)(B)(ii) governing proceeding *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted..." 28 U.S.C. 1915(e)(2)(B)(ii). To survive, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (internal quotations and citation omitted). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russel v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

In plaintiff's third amended complaint he asserts violations of the Fourth and Fourteenth Amendments stemming from his arrest whereby an officer allegedly smashed into plaintiff with an unmarked truck. (#46-1). In addition to naming the officers and medical care providers, plaintiff names Clark County Detention Center as a defendant. *Id.* As the court stated in its August 4, 2010, order (#4), "Clark County Detention Center is a building," and "[p]laintiff cannot sue a building." Defendant Clark County Detention Center is dismissed from the action.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Richard A. Denson's Motion to Extend Time to File Third Amended Complaint (#45) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Richard A. Denson's Motion for Leave to File Third Amended Complaint (#46) is GRANTED.

IT IS FURTHER ORDERED that all claims against Clark County Detention Center are DISMISSED with prejudice.

IT IS THEREFORE ORDERED that the Clerk of the Court shall file the Complaint (#46-1), issue summons to the remaining defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

. . .

. . .

. . .

. . .

. . .

. . .

IT IS FURTHER ORDERED that from this point forward, plaintiff shall serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel.  The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 14th day of June, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE