UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RICHARD A. DENSON,<br><br>            Plaintiff,<br><br>vs.<br><br>DOUG GILLISPIE, *et al.*,<br><br>            Defendants. | 2:10-cv-00525-MMD -VCF<br><br>**ORDER**<br><br>**(Motion for Marshals to Provide Proof of Service or Order for Marshals to Serve Amended Complaint #74)** |

Before the court is plaintiff Richard A. Denson's Motion for Marshals to Provide Proof of Service or Order for Marshals to Serve Amended Complaint. (#74).  No Opposition was filed.

**Background**

Plaintiff Denson filed a motion/application to proceed *in forma pauperis* (#1) and a motion for appointment of counsel (#2) on April 13, 2010.  On May 17, 2010, the court granted plaintiff's motion/application to proceed *in forma pauperis* (#1) and stated that the court would screen the complaint as soon as the court's schedule permits. (#3).  On August 4, 2010, the court entered an order dismissing plaintiff's complaint and permitting plaintiff to file an amended complaint within thirty (30) days from the entry of the order.  (#4).  The court held that plaintiff had incorrectly asserted violations of the Eighth Amendment, and that he should amend his complaint to assert claims under the Fourth and Fourteenth Amendments.  *Id.*  The court also denied plaintiff's motion for appointment of counsel (#2) and ordered the clerk to file the plaintiff's complaint.  *Id.*

On August 13, 2010, plaintiff filed an amended complaint naming defendants Naphcare, Inc. and Detective J. Ducas. (#6). The court screened the amended complaint on October 1, 2010, and dismissed defendant Ducas in his official capacity only and directed service upon all defendants. (#8). On November 18, 2010, defendant Naphcare filed a motion to dismiss. (#12). On April 25, 2011, the court entered an order granting the motion to dismiss (#12) with leave to amend. (#35). On May 24, 2011, plaintiff filed a motion for extension of time to file an amended complaint. (#36). On July 7, 2011, plaintiff filed a second amended complaint (#37) and a motion for appointment of counsel (#38). The court denied the motion for appointment of counsel without prejudice. (#39). On October 4, 2011, the court entered a minute order denying the motion for extension of time to file amended complaint as moot. (#41).

On November 2, 2011, plaintiff filed a motion to have this matter put on the court's calendar for status report. (#43). In the motion, plaintiff sought an order from the court (1) permitting him to file a third amended complaint, (2) appointing counsel to assist him, (3) directing the clerk's office to furnish him with a docket sheet and other needed information, (4) directing the Marshal's office to cooperate with him and answer his inquiries, and (5) permitting him additional time to draft his third amended complaint and relief from the requirement that he attach it to his motion to file an amended complaint. *Id.* On November 18, 2011, the court entered an order granting in part and denying in part plaintiff's motion (#43), and ordering plaintiff "to file a Motion For Leave To File A Third Amended Complaint, in accordance with the Local Rules" within thirty (30) days from the entry of the order. (#44).

On December 14, 2011, plaintiff filed a motion to extend time to file third amended complaint, asking this court for a thirty (30) day extension. (#45). On December 28, 2011, plaintiff filed a motion for leave to file a third amended complaint. (#46). In accordance with this court's order (#44), plaintiff attached his proposed third amended complaint (#46-1) to the motion. In an order dated June 14, 2012, the court stated that "[a]s plaintiff complied with the court's order in filing his motion, the court finds

that permitting plaintiff to file his third amended complaint is warranted and that plaintiff's request for a thirty (30) day extension is unnecessary."  (#50).

The court held, however, that "[b]efore ordering the clerk to file the plaintiff's amended complaint,...the court must screen plaintiff's amended complaint."  *Id.*  In plaintiff's third amended complaint, he asserted violations of the Fourth and Fourteenth Amendments stemming from his arrest whereby an officer allegedly smashed into plaintiff with an unmarked truck.  (#46-1).  In addition to naming the officers and medical care providers, plaintiff named Clark County Detention Center as a defendant.  *Id.*  The court dismissed Clark County Detention Center from the action, as "Clark County Detention Center is a building," and "[p]laintiff cannot sue a building."  *Id.*

Plaintiff's third amended complaint was filed on June 15, 2012, and summons were issued the same day.  (#51 and #52).  On August 27, 2012, several defendants filed an answer to the third amended complaint (#57) and a motion to take plaintiff's deposition (#59).  Plaintiff filed a motion for appointment of counsel on September 5, 2012.  (#60).  The court granted the defendants' motion to take plaintiff's deposition on September 17, 2012.  (#61).  No opposition to the motion for appointment of counsel (#60) was filed.  On September 28, 2012, summons was returned executed as to defendant Dr. McGorey.  (#62).  A letter was filed with the court on the same day, indicating that attorney Seetal Tejura, Esq., was not able to accept service on behalf of Dr. McGorey and that the service that was attempted that day was insufficient.  (#63).  On October 9, 2012, the court issued an order denying plaintiffs' motion for counsel (#60) and setting a discovery schedule.  (#64).

On October 10, 2012, defendant Dr. McGorey filed a motion to dismiss (#65) and a motion to quash insufficient service (#66).  On November 5, 2012, defendant Dr. McGorey filed two notices of non-oppositions to the motion to dismiss (#65) and motion to quash (#66).  (#69 and #70).  On January 30, 2013, plaintiff filed a motion to request stay of proceedings (#72), a motion for appointment of counsel (#73), and a motion to order Marshals to provide proof of service or order the amended

complaint to be served (#74).  The court entered a minute order on February 5, 2013, scheduling a hearing on the motion to stay for February 22, 2013.  (#75).  Defendants filed an opposition to the motion to stay (#76) and an opposition to the motion for counsel (#77) on February 8, 2013.  Plaintiff's reply in support of the motion for counsel (#72) is due on February 18, 2013, and plaintiff's reply in support of his motion to stay (#73) is due on February 20, 2013.

**Motion for Service (#74)**

    A.    **Argument**

Plaintiff asserts that defendant Naphcare is taking the "position that they are no longer Defendants and therefore do not need to answer discovery," and that "[e]fforts to resolve the issue informally have also been unsuccessful."  (#74).  Plaintiff also states that "Naphcare should not be able to avoid service or claim that they are dismissed and [n]ot parties to the action," and that "discovery should be re-opened once they are ordered back as defendants."  *Id.*  Plaintiff asks this court to order the Marshals to serve Naphcare, Inc.  *Id.*

    B.    **Relevant Law/Discussion**

Plaintiffs' third amended complaint names, among others, Naphcare, Inc. as a defendant. (#51). Summons was issued as to Naphcare, Inc. on June 15, 2013.  (#52-3).  The Marshals filed executed summons as to several named defendants on August 24, 2012.  (#55).  Defendant Naphcare, Inc. was not among those served defendants.  *Id.*  On the same day, the Marshals returned two unexecuted summons. (#56).  Neither of those summons were for Naphcare, Inc.  *Id.*

An incarcerated *pro se* litigant proceeding *in forma pauperis* must "be allowed the chance to serve defendants personally through the Marshal's Service."  *Romandette v. Weetabix Co., Inc.,* 807 F.2d 309, 311 (2nd Cir. 1986); *See also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").  Plaintiff is entitled to service of his third

4

amended complaint by the Marshals (#51).  *Id.*  Discovery in this action closes April 2, 2013. (#64).  If plaintiff requires additional time for discovery, plaintiff must file a motion pursuant o Local Rule 26-4.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Richard A. Denson's Motion for Marshals to Provide Proof of Service or Order for Marshals to Serve Amended Complaint (#74) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court will issue summons to defendant Naphcare, Inc. c/o Registered Agents Legal Services, Ltd., 112 N. Curry St. Carson City, NV 89703, deliver the same to the U.S. Marshal for service, and send one blank copy of the USM-285 form to the plaintiff.

IT IS FURTHER ORDERED that the plaintiff will have twenty (20) days to furnish to the U.S. Marshal the required USM-285 form.  Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court stating if defendant Naphcare was served.  If the plaintiff wishes to have the U.S. Marshal attempt service again on defendant Naphcare, then a motion must be filed with the court.

DATED this 14th day of February, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE