UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RICHARD A. DENSON, | 2:10-cv-00525-MMD -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| DOUG GILLISPIE, *et al.*, | **(Motion to Request Stay/Permit Law Clerk to** |
| Defendants. | **Appear At Deposition #72 and Motion for** |
| | **Appointment of Counsel #73)** |

Before the court are plaintiff Richard A. Denson's Motion to Request Stay/Permit Law Clerk to Appear At Deposition (#72) and Motion for Appointment of Counsel (#73). Defendants filed Oppositions (#76 and #77), and plaintiff filed a Reply in Support of his Motions (#80).

**A.   Background**

Plaintiff Denson filed a motion/application to proceed *in forma pauperis* (#1) and a motion for appointment of counsel (#2) on April 13, 2010.  On May 17, 2010, the court granted plaintiff's motion/application to proceed *in forma pauperis* (#1) and stated that the court would screen the complaint as soon as the court's schedule permits. (#3).  On August 4, 2010, the court entered an order dismissing plaintiff's complaint and permitting plaintiff to file an amended complaint within thirty (30) days from the entry of the order.  (#4).  The court held that plaintiff had incorrectly asserted violations of the Eighth Amendment, and that he should amend his complaint to assert claims under the Fourth and Fourteenth Amendments.  *Id.*  The court also denied plaintiff's motion for appointment of counsel (#2) and ordered the clerk to file the plaintiff's complaint.  *Id.*

On August 13, 2010, plaintiff filed an amended complaint naming defendants Naphcare, Inc. and Detective J. Ducas. (#6). The court screened the amended complaint on October 1, 2010, and dismissed defendant Ducas in his official capacity only and directed service upon all defendants. (#8). On November 18, 2010, defendant Naphcare filed a motion to dismiss. (#12). On April 25, 2011, the court entered an order granting the motion to dismiss (#12) with leave to amend. (#35). On May 24, 2011, plaintiff filed a motion for extension of time to file an amended complaint. (#36). On July 7, 2011, plaintiff filed a second amended complaint (#37) and a motion for appointment of counsel (#38). The court denied the motion for appointment of counsel without prejudice. (#39). On October 4, 2011, the court entered a minute order denying the motion for extension of time to file amended complaint as moot. (#41).

On November 2, 2011, plaintiff filed a motion to have this matter put on the court's calendar for status report. (#43). In the motion, plaintiff sought an order from the court (1) permitting him to file a third amended complaint, (2) appointing counsel to assist him, (3) directing the clerk's office to furnish him with a docket sheet and other needed information, (4) directing the Marshal's office to cooperate with him and answer his inquiries, and (5) permitting him additional time to draft his third amended complaint and relief from the requirement that he attach it to his motion to file an amended complaint. *Id.* On November 18, 2011, the court entered an order granting in part and denying in part plaintiff's motion (#43), and ordering plaintiff "to file a Motion For Leave To File A Third Amended Complaint, in accordance with the Local Rules" within thirty (30) days from the entry of the order. (#44).

On December 14, 2011, plaintiff filed a motion to extend time to file third amended complaint, asking this court for a thirty (30) day extension. (#45). On December 28, 2011, plaintiff filed a motion for leave to file a third amended complaint. (#46). In accordance with this court's order (#44), plaintiff attached his proposed third amended complaint (#46-1) to the motion. In an order dated June 14, 2012, the court stated that "[a]s plaintiff complied with the court's order in filing his motion, the court finds

that permitting plaintiff to file his third amended complaint is warranted and that plaintiff's request for a thirty (30) day extension is unnecessary." (#50).

The court held, however, that "[b]efore ordering the clerk to file the plaintiff's amended complaint,...the court must screen plaintiff's amended complaint." *Id.* In plaintiff's proposed third amended complaint, he asserted violations of the Fourth and Fourteenth Amendments stemming from his arrest whereby an officer allegedly smashed into plaintiff with an unmarked truck. (#46-1). In addition to naming the officers and medical care providers, plaintiff named Clark County Detention Center as a defendant. *Id.* The court dismissed Clark County Detention Center from the action, as "Clark County Detention Center is a building," and "[p]laintiff cannot sue a building." *Id.*

Plaintiff's third amended complaint was filed on June 15, 2012, and summons were issued the same day. (#51 and #52). On August 27, 2012, several defendants filed an answer to the third amended complaint (#57) and a motion to take plaintiff's deposition (#59). Plaintiff filed a motion for appointment of counsel on September 5, 2012. (#60). The court granted the defendants' motion to take plaintiff's deposition on September 17, 2012. (#61). No opposition to the motion for appointment of counsel (#60) was filed. On September 28, 2012, summons was returned executed as to defendant Dr. McGorey. (#62). A letter was filed with the court on the same day, indicating that attorney Seetal Tejura, Esq., was not able to accept service on behalf of Dr. McGorey and that the service that was attempted that day was insufficient. (#63). On October 9, 2012, the court issued an order denying plaintiffs' motion for counsel (#60) and setting a discovery schedule. (#64).

On October 10, 2012, defendant Dr. McGorey filed a motion to dismiss (#65) and a motion to quash insufficient service (#66). On November 5, 2012, defendant Dr. McGorey filed a notice of non-oppositions to the motion to dismiss (#65) and a notice of non-opposition to the motion to quash (#66). (#69 and #70). On January 30, 2013, plaintiff filed a motion to request stay of proceedings (#72), a motion for appointment of counsel (#73), and a motion to order Marshals to provide proof of service or

order the amended complaint to be served (#74).[1]  The court entered a minute order on February 5, 2013, scheduling a hearing on the motion to stay (#72) for February 22, 2013.  (#75).  Defendants filed an opposition to the motion to stay (#76) and an opposition to the motion for counsel (#77) on February 8, 2013.

On February 14, 2013, the court issued an order granting plaintiff's motion for Marshals to serve Naphcare, Inc. (#78).  On February 15, 2013, summons was issued as to Naphcare, Inc. (#79).  Plaintiff filed a reply in support of his motion to stay (#72) and motion to appoint counsel (#73) on February 20, 2013. (#80).  On February 21, 2013, the court issued a minute order vacating the hearing on the motion to stay (#72). (#81).

**B.      Relevant Substantive Facts**

Plaintiff's claims arise from an incident that occurred on January 7, 2010, where plaintiff was arrested for attempting to burglarize a business.  (#51).  The officers pursued plaintiff on foot, and plaintiff alleges that one of the officers used a car to hit him and end the chase.  *Id.*  Plaintiff asserts that he suffered injuries as a result of the car hitting him and that he did not receive immediate medical treatment.  *Id.*  Defendants deny that plaintiff was "subjected to excessive force [and] that any serious medical need was met with deliberate indifference and assert the defense of qualified immunity." (#76).

**C.      Motions To Stay Proceedings/Inmate Law Clerk/Appoint Counsel**

   **1.      Plaintiff's Arguments/Relevant Facts**

Plaintiff states in his motion that he has tried to resolve the present issues with counsel, but that "he has reached an impass[e] with both counsel for the LVMPD Defendants and Naphcare..." (#72). Defendants noticed plaintiff's deposition for February 22, 2013, but have refused to permit plaintiff to have the assistance of a "fellow inmate at the deposition (which is allowed by the NDOC with a Court

---

[1] As plaintiff filed one document seeking three forms of relief, the clerk separated the document into three different motions (#72, #73, and #74).

Order)" or at the deposition of Detective John Ducas. *Id.* Plaintiff asks this court to stay the proceedings and the deposition until the issues between the parties are resolved. *Id.*

Plaintiff asserts that this action should be resolved on its merits, as the following issues are not frivolous: (1) the use of a vehicle by LVMPD to apprehend plaintiff, and (2) the failure of Naphcare to provide adequate medical care. *Id.* Plaintiff argues that LVMPD provided discovery responses that are misleading, as in the criminal case associated with this case, a video was revealed showing that Detective Ducas swerved his vehicle to intentionally strike plaintiff, but in the civil case, defendants claim that "no videos were taken" (Answer to Interrogatory 5). *Id.* Plaintiff states that without the assistance of a law clerk, the issue may have slipped past him. *Id.* In that respect, plaintiff renews his request for assistance of counsel. *Id.* Plaintiff asserts that if the court denies this request, the court should permit a law clerk or designated inmate to be present at the depositions scheduled in this action. *Id.* Plaintiff argues that he will be forced to litigate this issue without resources (the video, transcripts from criminal proceedings, contact with those involved in criminal case, etc.) necessary to demonstrate what actually occurred. *Id.*

### 2.     Defendants' Arguments/Relevant Facts

With leave from the court (#61), defendants noticed plaintiff's deposition to take place at High Desert Correction Center on February 22, 2013. (#76). Defendants vacated the deposition after plaintiff filed the motion to stay (#72) and the court scheduled a hearing for February 22, 2013 (#75). *Id.* With regard to the video surveillance, defendants provided the plaintiff and the court with a copy of the Officer's Report (Exhibit A) demonstrating that there were cameras mounted on the building, but that the cameras had been inoperative for all of 2009 and 2010. *Id.* Defendants state that since plaintiff has asserted that his criminal counsel had video footage of his arrest, defendants sent plaintiff a letter on February 4, 2013, asking plaintiff for his criminal counsel's information and to sign an authorization form allowing counsel to release footage of the incident. (#76 Exhibit B).

### a. Stay/Counsel

Defendants argue that the court should not stay the proceedings until plaintiff is "able somehow to secure counsel," as plaintiff has not made a "strong showing" that a stay is appropriate or that appointing counsel is warranted. (#76). Defendants assert that plaintiff cannot show a likelihood of success on the merits of his claims and is able to adequately prosecute his claims given the level of complexity. *Id.* Defendants assert that even if plaintiff's claims are meritorious, "mere presence of a supposedly meritorious claim is not sufficient – without more – to warrant the appointment of counsel." *Id.* Defendants state that plaintiff can articulate his claims, as he has "produced to this Court [a] reasonably well-written pleading for this Court's review." *Id.*

### b. Inmate Law Clerk At Depositions

Defendants ask this court to deny plaintiff's request for an inmate to assist him by lodging objections, providing legal advice, and engaging with defense counsel on legal matters during the depositions. *Id.* Defendants argue that plaintiff has made no showing that the inmate is qualified or licensed, and that while cases guarantee prisoners the right to seek assistance and advice on legal matters from other inmates in certain matters, the cases do not permit <u>representation</u> during litigation by non-party lay-persons. *Id*; (citing *Johnson v. Avery*, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718 (1969) and *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)).

Defendants recognize the right to proceed *pro se*, but state that 28 U.S.C. § 1654, which establishes that right, allows only for two types of representation (1) that by an attorney admitted to practice law, and (2) by a person representing himself or herself. *Id* (citing *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 456 (N.D. Tex. 1975)). *Pro se* plaintiffs have no right to represent others in actions before the court. *Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997). Defendants assert that courts have consistently rejected attempts at third-party representation, and argue that there are "strong policy concerns for not allowing non-lawyer inmates to represent *pro se* plaintiffs in litigation." (#76).

Defendants cite the Third Circuit wherein it held that "allowing a party to be represented by 'any person of their choice, be he unskilled in the law or barred by the rules of court from practice before it' 'would profoundly alter the legal framework in which ... proceedings are scrupulously conducted in our courts. We decline to do so.'" *Id* (citing *United States v. Wilhelm*, 570 F.2d 471,475 (3'd Cir. 1978)).

Defendants assert that the non-lawyer inmate differs from a lawyer, as (1) he would not be amenable to sanctions by the court or the State Bar, (2) he would not be "fettered by ethical or professional mores imposed upon all who choose to practice law-with severe consequences for violations of such standards," and (3) he is "not even personally accountable to this Court in the same manner as the *pro per* litigant-who stands to lose their case for repeated misconduct." *Id.*

### 3. Plaintiff's Reply

Plaintiff points the court to Administrative Regulations (hereinafter "AR") 707 and 722, and argues that an inmate assisting him during the depositions is not the unauthorized practice of law, rather it is allowed under the AR and NRS. (#80). Plaintiff also states that the inmate would have to follow court orders and be subject to contempt and/or administrative sanctions. *Id.* Plaintiff argues that the court is "more than capable of setting up parameters and guidelines that will ensure compliance and streamline the process." *Id.* With regard to the production of the video surveillance, plaintiff states that "according to the discovery provided by the state in the criminal prosecution, there was in fact a video," but does not mention the authorization form provided by defendants or the disclosure of his criminal counsel's information. *Id.*

Plaintiff re-argues that counsel should be appointed to represent him in this action, as his claims have merit, there is a difference between having an inmate law clerk's assistance and an attorney, he is an indigent inmate making $10.00 a month and always will be, and his claims will require discovery and the consultation and hiring of experts, which is "impossible from prison, law clerks or not..." *Id.*

. . .

4. **Discussion**

   a. **Discovery: Video Surveillance**

Plaintiff argues that defendants have not produced a relevant video sought in discovery that he believes exists based on the fact that the video was produced in the underlying criminal case. (#72). Defendants demonstrated to the court that they would contact plaintiff's criminal counsel if plaintiff provided counsel's information as well as signed an authorization to release the evidence (#76 Exhibit B). Plaintiff did not address in his reply this authorization form (#76 Exhibit B) or if he provided defendants with his criminal counsel's information. (#80).

Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to any party's claim or defense..." or, for good cause shown, "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id*.

The court finds that if video surveillance of the incident at issue exists, plaintiff is entitled to the discovery of such evidence, as it is relevant to plaintiff's claim that Detective Ducas allegedly unnecessarily drove his car into plaintiff (#51). *See Oppenheimer Fund*, 437 U.S. at 351. If plaintiff believes that his criminal counsel possesses video surveillance, plaintiff may complete the authorization form (#76 Exhibit B) provided by defendants and return it and plaintiff's criminal counsel's name and contact information to defendants on or before March 15, 2013. If defendants are able to obtain any video surveillance of the incident, defendants must produce the video to plaintiff within one week from receipt of the video.

. . .

### b.     Appointment of Counsel

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

The court finds that exceptional circumstances warranting appointment of counsel do not exist. *Terrell*, 935 F.2d at 1017.  Plaintiff has sought the assistance of counsel three times (#2, #38, and #60) in this action, and the court has denied each request (#4, #39, and #64).  Plaintiff's third amended complaint is a comprehensible pleading (#51), and each of plaintiff's motions/filings demonstrate that plaintiff can articulate his position and adequately address the issues.  *Id.*  The court finds that the claims in plaintiff's third amended complaint (#51) of violations of the Fourth and Fourteenth Amendments are not particularly complex as to warrant appointment of counsel.  *Id.*  As the depositions of plaintiff and Detective Ducas have not occurred, and the parties have not completed discovery or filed dispositive motions (except for the motion to dismiss filed by defendant McGorey for insufficient service (#65)), the court cannot access the likelihood of success on the merits of plaintiff's claims.  *Terrell*, 935 F.2d at 1017.  As the court denied plaintiff's request for counsel, the court will address permitting an inmate to assist plaintiff during depositions.

### c.     Inmate Law Clerk at Deposition

AR 722.02 relating to legal assistance by inmates states that inmate law library assistants in segregated housing units are to "assist in doing basic research for the segregated inmates in support of their petitions, suits, and other actions," and "are not required to prepare and draft documents but are expected to assist segregation inmates in preparing their own documents."  AR 722.02 (3)(B) and (C).

AR 722.02 also states that "[i]nmate library assistants are not permitted to appear in state or federal courts on behalf of another inmate, except by specific order from a judge or magistrate, in each case." AR 722.02(6).  The AR states that the inmate library assistants cannot represent themselves to others as an attorney and that assistants "may not violate Nevada law or standing rules of the American or Nevada Bar Associations concerning limitations on persons not licensed to practice law." AR 722.02(6)(F).

Regulation 722.05 permits inmates to represent other inmates at parole board hearings, and states that an inmate may have "a representative present with whom he may confer" or "to speak in his behalf," and that the representative may either be an inmate library assistant or any inmate representative, depending on the inmate's level of custody. AR 722.05(1) and (2)(A) and (B). AR 707.02 states that an inmate is subject to discipline for "[a]ny violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents...violations of Rules of Civil Procedure, Criminal Procedure Or Appellate Procedure and/or receiving sanctions and/or warnings for any such action from any court."

While AR 722.05 permits an inmate to assist another inmate at a parole hearing and to speak on his or her behalf, a parole hearing is different in nature than that of a civil proceeding before this court, as the parole hearing is before a parole board and not before a court.  Nothing in AR *entitles* an inmate to have another inmate appear in Federal Court on his or her behalf, and AR 722 only *permits* the inmate assistant to appear *if* the court finds that the particular circumstances warrant inmate representation and specifically states so in an order.  *See* AR 722.02(6).  The court finds that the plaintiff has not demonstrated that circumstances in this action warrant permitting an inmate to assist plaintiff during the depositions.

While plaintiff may proceed *pro se* to represent his own interests and assert that his rights were violated, the Ninth Circuit has held that "constitutional claims are personal and cannot be asserted vicariously," and that an individual "has no authority to appear as an attorney for others than himself."

*Johns,* 114 F.3d at 876 (9th Cir. 1997)(citing *United States v. Mitchell,* 915 F.2d 521, 526 n.8 (9th Cir. 1990)(quoting *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987)).

Pursuant to AR 722.02, plaintiff is able to consult with the inmate law library assistant before the depositions, to review the deposition transcripts with the inmate law library assistant, and to have the inmate law library assistant assist in researching and preparing any dispositive or discovery motion based on the depositions. *See Avery,* 393 U.S. 483; *Wolff,* 418 U.S. at 577-580. To have an inmate law library assistant represent plaintiff at the depositions is not permissible and would condone the unauthorized practice of law. *See Johns,* 114 F.3d at 876; Local Rule IA 10-1; N.R.S. 7.285; AR 722.02(6)(F).

As the court addressed plaintiff's issues (#72 and #73), plaintiff's request for a stay is moot.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Richard A. Denson's Motion to Request Stay/Permit Law Clerk to Appear At Deposition (#72) and Motion for Appointment of Counsel (#73) are DENIED, as discussed above.

IT IS FURTHER ORDERED that, if plaintiff believes that his criminal counsel possesses video surveillance, plaintiff may complete the authorization form (#76 Exhibit B) provided by defendants and return it and plaintiff's criminal counsel's name and contact information to defendants on or before March 15, 2013. If defendants are able to obtain any video surveillance of the incident, defendants must produce the video to plaintiff within one week from receipt of the video.

DATED this 21st day of February, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE