UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD DENSON,<br><br>    Plaintiff,<br><br>v.<br><br>DET. JOHN LUCAS, , *et al.*,<br><br>    Defendants. | Case No. 2:10-cv-525-APG-VCF<br><br>**ORDER**<br><br>(Motion to Dismiss and Motion to Quash Service of Process – Dkt. Nos. 65 and 66) |

Before the Court are Defendant Dr. Donald McGrorey's Motion to Dismiss (Dkt. No. 65) and Motion to Quash (Dkt. No. 66). Both motions arise from the U.S. Marshal's attempt to serve Dr. McGrorey with a summons and complaint by delivering copies of those documents to his lawyer's office. For the reasons set forth below, the Motion to Quash is granted in part and denied in part, and the Motion to Dismiss is denied.

I.   **BACKGROUND AND PROCEDURAL POSTURE**

Plaintiff Richard Denson alleges that Defendants NaphCare, Inc., Dr. Donald McGrorey, the Las Vegas Metropolitan Police Department ("LVMPD"), and several of its officers violated his constitutional rights when he was hit by an unmarked police vehicle during his arrest, and was subsequently denied medical treatment for his injuries. (Doc. No. 51.) Mr. Denson filed his Third Amended Complaint on June 15, 2012. The court ordered the Clerk to (a) issue summons to the remaining defendants named in the complaint, (b) deliver the summons to the U.S. Marshal for

service, and (c) send blank copies of the USM-285 forms to Mr. Denson so that he could complete and furnish them to the U.S. Marshal. (Doc. No. 50.)

On August 22, 2012, a representative of the U.S. Marshal's Office appeared at the law firm of Alverson, Taylor, Mortensen & Sanders ("ATM&S") in an attempt to serve Dr. McGrorey's Summons and Third Amended Complaint. Service was not accepted; rather, the receptionist informed the Marshal that the firm had no authority to accept service on Dr. McGrorey's behalf.

On September 24, 2012, a representative of the U.S. Marshal's Office again attempted to serve Dr. McGrorey's Summons and Third Amended Complaint at the offices of ATM&S. The Marshal again was informed that the law firm office was neither Dr. McGrorey's office nor home, and that the office did not have authority to accept service on his behalf. However, the Marshal insisted on leaving the paperwork. Thereafter, ATM&S sent a letter to the U.S. Marshal confirming ATM&S' lack of authority to accept service on Dr. McGrorey's behalf. (Doc. No. 63.) Despite this, the representative of the Marshal's Office executed the USM-285 form, indicating that he had executed service for Dr. McGrorey upon "a person of suitable age and discretion then residing in the defendant's usual place of abode." (Doc. No. 62.)

Dr. McGrorey moves this court to quash the purported service upon him, and/or to dismiss the claims against him for lack of personal jurisdiction, insufficient process,[1] and insufficient service of process.

/ / / /

/ / / /

---

[1] Dr. McGrorey does not explain why the process itself (as opposed to the service of process) was insufficient. Objections under Rule 12(b)(4) concern the form of process rather than the manner of its service. *See* 5B Wright & Miller, *Federal Practice and Procedure*, § 1353 (3d ed.). A Rule 12(b)(4) motion challenges noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the *content* of a summons. *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citations omitted). Dr. McGrorey's motion focuses on the insufficiency of the *service* of process. Given the disposition of the motions as set forth herein, the portion of the Motion based on insufficiency of process is denied as moot.

## II. ANALYSIS

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Rule 12(b)(5) permits a defendant to challenge the mode or method of service of the summons and complaint. Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Cranford v. United States*, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005) (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). If service of process is insufficient, the Court has discretion to dismiss an action or simply quash service. *See e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("the choice between dismissal and quashing service of process is in the district court's discretion")).

Rule 4 of the Federal Rules of Civil Procedure states in relevant part:

> (c) *Service: (1) In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> . . .
>
> (3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. 1915. . . .
>
> . . .
>
> (e) *Serving an Individual within a Judicial District of the United States.* Unless federal law provides otherwise, an individual . . . may be served in a judicial

—

district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by an appointment or by law to receive process.

Fed.R.Civ.P. 4. Pursuant to Rule 4(e)(1), service may be made by following Nevada state law for serving a summons. Rule 4 of the Nevada Rules of Civil Procedure states, in relevant part:

> (d) *Summons: Personal Service.* The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows:
>
> . . . .
>
> *(6) Service upon individuals.* In all other cases to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Nev.R.Civ.P. 4(d).

Plaintiff Richard Denson is proceeding in *forma pauperis*, and therefore service of his Third Amended Complaint was directed to be made by the U.S. Marshal. Fed.R.Civ.P. 4(c)(3). Service by the U.S. Marshal must meet the requirements set forth in Rule 4(e) in order to be effective. Plaintiff was required to submit to the U.S. Marshal a completed USM-285 form to effectuate service. Plaintiff apparently submitted a defective form, as it listed ATM&S as the location at which Dr. McGrorey should be served. That address did not comply with Fed.R.Civ.P. 4(e) or Nev.R.Civ.P. 4(d).

There is no question that service of process directed toward Dr. McGrorey was insufficient. Nothing in the record supports the conclusion that the law office ATM&S is Dr. McGrorey's "dwelling or usual place of abode," or that the receptionist (or any lawyer at the

firm) is "an agent authorized by an appointment or by law to receive process" on Dr. McGrorey's behalf. Consequently, Plaintiff has not met his burden to demonstrate that service was proper.

Courts are to broadly construe pleadings filed by *pro se* litigants and give such plaintiffs "the benefit of any doubt." S*ee, e.g., Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985). Nevertheless, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds). The Court will exercise its discretion to quash service under Rule 12(b)(5) rather than dismiss the case. *Issaquah School District*, 470 F.3d at 1293 (citation omitted). Plaintiff will be given an opportunity to cure the service error.

The court also will grant Plaintiff an extension of the 120-day service deadline set forth in Fed.R.Civ.P. 4(m). Courts have broad discretion to extend the time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003). The service period contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Given that Plaintiff is proceeding

*pro se*, the Rule 4(m) service deadline will be extended in order to afford him one more chance to properly effect service of process upon Dr. McGrorey.

Plaintiff is advised that failure to provide correct information to the United States Marshal so that service can be properly effectuated may result in dismissal of Plaintiff's claims against Dr. McGrorey with prejudice.

### III. CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED** that defendant Dr. Donald McGrorey's Motion to Quash (#66) is granted in part and denied in part. Service of the summons and complaint on defendant Dr. McGrorey is quashed pursuant to Rule 12(b)(5).

**IT IS FURTHER ORDERED** that to defendant Dr. Donald McGrorey's Motion to Dismiss (Dkt. No. 65) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk shall issue a summons to Dr. Donald McGrorey, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 form to the Plaintiff. Plaintiff shall complete the form USM-285, including the proper address(es) at which Dr. McGrorey may be served.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the completed USM-285 form. Within fourteen (14) days after Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, Plaintiff must file a notice with the court identifying whether Dr. McGrorey was served, how and where.

DATED THIS 8th day of July, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE