

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RICHARD DENSON,<br><br>        Plaintiff,<br><br>vs.<br><br>DOUG GILLESPIE, *et al.*,<br><br>        Defendants. | 2:10–cv–00525–APG–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION** |

Before the court is Plaintiff Richard Denson's Motion to Take Defendants' Deposition by Written Questions (#100). NaphCare filed an Opposition (#104), in which Defendants Las Vegas Metropolitan Police Department, Sheriff Gillespie, and Officers Kinch, Giannane, Layton, Overson, Collins, Hirschi, Gennaro, Beck, Siwy, and Ducas partially joined (#105). Denson filed a Reply (#108).

Also before the court are two housekeeping issues, which the court raised *sua sponte*. The first concerns Defendants Lt. T. Lee and D. France, who have not been served. The second concerns Denson's delinquent response to Defendant Dr. McGorey's Motion to Dismiss.

I.   **Denson's Motion to Take Defendants' Deposition by Written Questions**

Denson moves the court to permit him to take Defendants' depositions by written questions. Federal Rule of Civil Procedure 31 governs depositions by written questions. In pertinent part, Rule 31 states, "[a] party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2)." In turn, Rule 31(a)(2) requires parties to seek leave of court to conduct depositions by written question only if the parties do not stipulate to the deposition or if the deponent is confined in prison. FED. R. CIV. P. 31(a)(2); *see also* BLACK'S LAW DICTIONARY (9th ed.

2009) (defining deponent as the "witness who gives testimony" at a deposition). In order to take depositions by written questions, Rule 31(a)(3) requires the deposing party to (1) retain a court reporter, (2) properly notice the deponent, (3) serve the questions on the deponent, and (4) comply with certain timing requirements governing the submission of cross, redirect, and recross questions. *See* FED. R. CIV. P. 31(a)(3)–(5).

Because Denson is not the deponent, he does not require leave of court to take Defendants' depositions by written questions. *See* FED. R. CIV. P. 31(a)(2). Denson's motion, therefore, is denied as moot. During the court's October 9, 2013, hearing, however, Denson stated that he is unable to comply with Rule 31(a)(3)–(5)'s requirements because he is indigent and incarcerated at High Desert State Prison. (*See* Mins. Proceedings (#125)). Denson's inability to comply with Rule 31's requirements effectively closes the doors to additional discovery on him.

It requires no citation of authority to recognize that discovery is expensive. The Federal Rules of Civil Procedure, however, envision a system of liberal discovery. *Taylor v. Illinois*, 484 U.S. 400, 412 n. 16 (1988); *see also City of Rialto v. U.S. Dept. of Defense*, 492 F. Supp. 2d 1193, 1202 (C.D. Cal. 2007) (defining discoverable information as information that has any possibility that the information sought may be relevant to the claim or defense of any party"). Permitting Denson's discovery attempts to wither and fail because he is indigent would contravene the Rule's system of liberal discovery and offend Rule 1, which directs the courts to construe the Rules "to secure the just, speedy, and inexpensive determination of every action." *See* FED. R. CIV. P. 1.

In light of Denson's indigence, the court reminds Denson that he is entitled to propound twenty five interrogatories on each individual Defendant. *See* FED. R. CIV. P. 33(a)(1). Additionally, the court grants Denson leave to propound (1) a total of sixty interrogatories on NaphCare, including those already propounded, and (2) a total of sixty interrogatories on the Las Vegas Metropolitan Police Department, including those already propounded. Permitting Denson to propound additional

interrogatories furthers the Rules' essential goal. *See* FED. R. CIV. P. 1. The court also notes that it is standard procedure in at least one other district to cure an indigent prisoner's inability to comply with Rule 33 by permitting the prisoner to propound additional interrogatories. *See, e.g., LaBounty v. Coombe*, No. 95–cv–2617, 1996 WL 30291, *1 (S.D.N.Y. Jan. 24, 1996) ("Rule 31 of the Federal Rules of Civil Procedure allows for depositions upon written questions. The preference in this District in pro se prisoner actions is for interrogatories rather than depositions of defendants") (citing *McConnell v. Pepp*, No. 89–cv–2604, 1991 WL 50965, *1 (S.D.N.Y. April 3, 1991) ("Considering that plaintiff is an incarcerated prisoner proceeding *in forma pauperis*, we believe that the service of interrogatories by plaintiff is a more practical means of discovery")).

## II. Defendants Lt. T. Lee and D. France

Denson's third amended complaint names, inter alia, Lt. T. Lee and D. France as defendants. (*See* Third Amend. Compl. (#51) at 1-A:2, 11). On August 24, 2012, an unexecuted summons was returned for Lt. T. Lee and D. France. (Process Return (#56) at 1). To date, neither Lt. T. Lee nor D. France have been served.

During the court's October 9, 2013, hearing, Denson stated that he no longer wishes to pursue any claims against Lt. T. Lee. (*See* Mins. Proceedings (#125)). Accordingly, the court recommends that Lt. T. Lee should be dismissed without prejudice as a defendant. *See* FED. R. CIV. P. 4(m) (permitting the court to dismiss a defendant without prejudice if the defendant has not been served within 120 days).

With regard to D. France, Denson stated during October 9, 2013, hearing that he wishes to continue to pursue claims against D. France. Thomas Dillard, counsel for Las Vegas Metropolitan Police Department, stated that he would look into accepting service behalf of D. France's behalf. If Dillard will accept service on behalf of D. France, Denson is ordered to serve D. France through the authorized agent Thomas Dillard. *See* FED. R. CIV. P. 4(m) (permitting the court to order that service be made on a defendant who was not previously served within the 120-day time period).

If, however, Dillard is not authorized to accept service on behalf of D. France, then Dillard is ordered to file D. France's last known address under seal. Thereafter, the Clerk of the Court shall send blank copies of the USM-285 forms to Denson. Denson shall have twenty (20) days to complete the USM-285 forms and furnish copies of the completed USM-285 forms to the U.S. Marshal's Office. Within twenty (20) days after Denson receives copies of the USM-285 forms, Denson must file a notice with the court identifying whether D. France was served. If D. France was not served, and Denson wishes to have the U.S. Marshal attempt service again on D. France, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

### III. Denson's Delinquent Response to Defendant Dr. McGorey's Motion to Dismiss

On August 6, 2013, Denson received an executed summons for Dr. McGorey. (Summons (#110) at 1). On August 23, 2013, McGorey filed a motion to dismiss, arguing that the service of summons was insufficient. (*See* Mot. to Dismiss (#114) at 4) (arguing that the operative complaint was not served on Dr. McGorey). To date, Denson has not responded to McGorey's motion to dismiss. Accordingly, during the court's October 9, 2013, hearing, the court ordered Denson to responded to the motion to dismiss by October 22, 2013. (*See* Mins. Proceedings (#125)). McGorey has until October 29, 2013, to reply. (*Id.*)

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Richard Denson's Motion to Take Defendants' Deposition by Written Questions (#100) is DENIED as moot.

4

IT IS FURTHER ORDERED that Denson may propound (1) a total of sixty interrogatories on NaphCare, including those already propounded, and (2) a total of sixty interrogatories on the Las Vegas Metropolitan Police Department, including those already propounded.

IT IS FURTHER ORDERED that Denson respond to McGorey's Motion to Dismiss (#114) by October 22, 2013, and that McGorey reply by October 29, 2013.

## RECOMMENDATION

IT IS RECOMMENDED that Defendant Lt. T. Lee is DISMISSED WITHOUT PREJUDICE.

IT IS SO RECOMMENDED.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 15th day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE