**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RICHARD DENSON, | |
| Plaintiff, | 2:10–cv–0525–APG–VCF |
| vs. | **ORDER** |
| DOUG GILLESPIE, *et al.*, | |
| Defendants. | |

Before the court is Defendant Donald McGrorey, M.D.'s motion to dismiss (#114[1]). Plaintiff Richard Denson filed an opposition (#127); and McGrorey replied (#128).

**BACKGROUND**

This matter involves incarcerated *pro se* Plaintiff Richard Denson's Civil Rights action under 42 U.S.C. §1983 against, *inter alia*, the Las Vegas Metropolitan Police Department, NaphCare, Inc., and Donald McGrorey, M.D. (*See* Third Amend. Compl. (#51)). Plaintiff alleges that Defendants violated his Constitutional Rights when Plaintiff was hit by an unmarked police truck during his arrest and denied medical treatment for his related injuries. (*Id.*)

On June 15, 2012, Denson filed his Third Amended Complaint. (*Id.*) Pursuant to court policy, the court ordered the Clerk to: (1) issue summons to the Defendants; (2) deliver the summons to the U.S. Marshals for service; and (3) send blank copies of USM-285 forms to Denson. (*Id.*) Denson, in turn, was

---

[1] Parenthetical citations refer to the court's docket.

1

1  ordered to complete and return the forms to the U.S. Marshals so that the U.S. Marshals could execute
2  service on Defendants. (*Id.*)

3  On approximately June 15, 2012, Denson properly executed service of process on Defendant
4  NaphCare, Inc. (*See* Summons (#52-3) at 1). NaphCare, Inc. was Dr. McGrorey's employer during the
5  time of Denson's alleged injury. (*See* Third Amend. Compl. (#51)). Both NaphCare, Inc. and Dr.
6  McGrorey are represented by Alverson, Taylor, Mortensen & Sanders.

7  On August 22, 2012, and August 24, 2012, the U.S. Marshal's Office appeared at the law firm
8  of Alverson, Taylor, Mortensen & Sanders to serve Dr. McGrorey with Denson's summons and Third
9  Amended Complaint. (Mot. to Dismiss (#114) at 3). After being turned away the first time, the U.S.
10 Marshals left Denson's paperwork at the law firm during the second attempt. (*Id.*) Because Alverson,
11 Taylor, Mortensen & Sanders was not authorized to accept service on Dr. McGrorey's behalf, Dr.
12 McGrorey specially appeared and moved to quash Denson's service. (*Id.*)

13 On July 9, 2013, the court granted Dr. McGrorey's motion and ordered Denson to properly
14 effect service of process on Dr. McGrorey. (*See* Order (#97) at 4, 6). The court's order clearly states that
15 Denson's service was improper because Denson attempted to serve McGrorey at Alverson, Taylor,
16 Mortensen & Sanders, and not McGrorey's "dwelling or usual place of business." (*Id.* at 4). Denson did,
17 however, properly serve McGrorey with a copy of the Third Amended Complaint and a summons. (*Id.*)

18 The court, therefore, provided Denson with "one more chance" to properly effect service of
19 process on Dr. McGrorey. (*Id.* at 6). In rendering its decision, the court relied on two well-established
20 policies, which strongly disfavor dismissing defendants on mere technicalities. (*Id.* at 4–6). First, the
21 court noted that Ninth-Circuit law governing *pro se* litigants directs lower courts to give *pro se* litigants
22 "the benefit of any doubt." (*Id.* at 5) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985);
23 *see also Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (stating that *pro se*
24 litigants are expected to abide by the rules of court) (additional citations omitted). Second, the court
25

relied on the Advisory Committee's comments to Federal Rule of Civil Procedure 4(m), which stated that Rule 4(m) "authorized the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." (*Id*. at 5) (citing FED. R. CIV. P. 4(m), Advisory Committee Notes, 1993 Amendments.)

Following the court's July 9, 2013 order, Denson attempted to effect service of process on Dr. McGrorey again. (Pl.'s Opp'n (#127) at 1). Denson cured his previous error and properly served Dr. McGrorey at his medical office. (Mot. to Dismiss (#114) at 3). However, due to a clerical error allegedly committed by an "inmate law clerk," Denson's service did provide McGrorey with a copy of the Third Amended Complaint. (*See* Mot. to Dismiss (#114) at 3); (Pl.'s Opp'n (#127) at 1). Now, Dr. McGrorey moves the court to dismiss Denson's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). (Mot. to Dismiss (#114) at 1).

**LEGAL STANDARD**

Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) permit defendants to specially appear before the court and move to dismiss an action for lack of personal jurisdiction and insufficient service of process. FED. R. CIV. P. 12(b)(2), 12(b)(5). In general, Rule 4(c)(1) requires plaintiffs to simultaneously serve defendants with a summons and a copy of the complaint. *See* FED. R. CIV. P. 4(c)(1). If the plaintiff does not properly effect service under Rule 4, the court does not have personal jurisdiction over the defendant. *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

When implementing these Rules, Federal Rule of Civil Procedure 1 directs courts and litigants to construe the Rules "to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. A corollary of Rule 1 is that courts will not dismiss a defendant on a technicality. *See, e.g.*, *Moore v. City of Lehigh*, 29 F.Supp. 39 (D. Ok. 1939) ("The purpose of the new rules is to avoid

3

technicalities") (*in* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1093). The Ninth Circuit, like many circuits, has a long-standing public policy favoring disposition on the merits. *Pagalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

In the context of service of process, Rule 4 furthers the goals announced by Rule 1 in two ways that are here relevant. First, as the court noted in its previous order, Rule 4 is to be liberally construed to effect its underling purpose: notifying defendants of complaints against them. (*See* Order (#97) at 5) (citing the Advisory Committee's notes). This means that Rule 4(c)(1) does not always require the summons and complaint to be served together. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1093 (citing *Moore*, 29 F.Supp. 39). Where, as here, a copy of the complaint and summons are served by a process that proves to be defective, "a failure to serve an additional copy of the complaint with a second summons does not require dismissal of the suit." *Id*.

Second, Rule 4(d) imposes defendants with "a duty to avoid unnecessary expenses of serving the summons." FED. R. CIV. P. 4(d). Under Rule 4(d)(2), "[i]f a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." *Id*. The 1993 Advisory Committee Notes to Rule 4(d) indicate the Rule 4(d) was designed to complement Rule 1's directive "to secure the just, speedy, and inexpensive determination of every action." In pertinent part, the Committee Notes state that Rule 4(d) "operates to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed." *See* FED. R. CIV. P. 4(d), Advisory Committee Notes, 1993 Amendments.

## DISCUSSION

Dr. McGrorey's motion to dismiss is denied. Although Rule 4(c)(1) generally requires the summons and complaint to be served together, where—as here—a copy of the complaint and summons are served by a process that proves to be defective, "a failure to serve an additional copy of the complaint with a second summons does not require dismissal of the suit." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1093 (citation omitted).

The court sympathizes with the difficulties that Dr. McGrorey may face in dealing with a *pro se* litigant. However, engaging in unnecessary motion practice that prioritizes form over substance exacerbates the problem.[2] As this court has previously stated, where a *pro se* litigant is involved, courts are directed to hold the *pro se* litigant to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980) (stating that complaints drafted by *pro se* litigant should be held to a "less stringent standard"). Courts and opposing counsel are encouraged to be "especially . . . flexible when dealing with imprisoned *pro se* litigants. Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

The problem posed by incarcerated plaintiffs' lack of resources and freedom, which the Third and Eleventh Circuits recognized as a necessary precondition "to comply[ing] with the technical rules of modern litigation," is the precise problem here. *Id*. According to Denson, a clerical error committed by an "inmate law clerk" caused the operative complaint to be separate from Dr. McGrorey's summons.

---

[2] This marks the second time that the court has encouraged counsel for Defendants to avoid unnecessary motion practice. The first time occurred during the court's October 9, 2013 hearing. (*See* Mins. Proceedings #125). The subject of the hearing was three discovery motions, two of which were withdrawn by Defendants just days before the hearing. (*See* Min. Order #118); (Stipulation #123); (Mins. Proceedings #125). The primary reason that the court encourages all parties to refrain from unnecessary motion practice is for the parties' benefit. Superfluous filings risk tainting the parties' credibility. This, in turn, potentially undermines counsel's effectiveness.

(Pl.'s Opp'n (#127) at 1). When Denson discovered the problem the following day, he immediately contacted the U.S. Marshal Service to fix the problem. (*Id*. at 2).

Nonetheless, Dr. McGrorey—who has been served with both the operative complaint and a valid summons—moves the court to dismiss Denson's complaint against Dr. McGrorey. (Mot. to Dismiss (#114) at 1–3). Dr. McGrorey argues that the complaint should be dismissed because permitting Denson to serve McGrorey will (1) cause undue delay, (2) cause prejudice in the form of fading memories, and (3) conflict with the court's previous order, which gave Denson "one more chance" to serve Dr. McGrorey. The court addresses each argument in turn.

First, Dr. McGrorey's purported concern regarding undue delay strikes the court as less than sincere. If McGrorey was truly concerned about expediting litigation, Dr. McGrorey would have, among other things, waived service in August 2012, avoided the delay caused by Dr. McGrorey's instant motion, and proceeded to address the merits of Denson's complaint. Instead, Dr. McGrorey pursued avenues leading to delay, and now requests the court to dismiss him because of the delay. (*See id*. at 3:23) ("[T]his litigation is old and needs to be resolved without any further delays").

Second, Dr. McGrorey's concern regarding fading memories is valid but not prejudicial. If the only reason Dr. McGrorey's memory is fading is due to time, then surely Denson's memory is fading also. This, however, is not prejudicial. By definition, prejudice requires an unequal or unfair advantage of one party over another. *See* BLACK'S LAW DICTIONARY (9th ed. 2009) (defining "legal prejudice" as "[a] condition that, if shown by a party, will unusually defeat the opposing party's action").

Third, permitting Denson to attempt to serve Dr. McGrorey again is not inconsistent with the court's prior order. An error committed by a third-party exceeds the scope of the court's prior order. Courts will not penalize faultless *pro se* litigants for mistakes made others. *See, e.g.*, *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987) (holding that a faultless *pro se* litigant will not be penalized for mistakes made by a third party).

6

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Dr. McGrorey's motion to dismiss (#114) is DENIED.

IT IS FURTHER ORDERED that Denson will have until Monday December 21, 2012 to effect service of process on Dr. McGrorey.

IT IS FURTHER ORDERED that Denson will also make a good faith effort to request a waiver of service from Dr. McGrorey pursuant to Federal Rule of Civil Procedure 4(d).

IT IS FURTHER ORDERED that the Clerk of Court will correctly spell Dr. McGrorey's name in future entries in the court's docket.

IT IS SO ORDERED.

DATED this 29th day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE