UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD A. DENSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DOUG GILLESPIE, et al.,<br><br>　　　　　　Defendants. | Case No. 2:10-cv-00525-APG-VCF<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>(Dkt. Nos. 93, 101) |

　　　　The parties are aware of the factual and procedural background of this case. In short, Richard A. Denson has moved for leave to file a fourth amended complaint.[1] Denson, however, did not attach the proposed fourth amended complaint to his motion. He also has moved to strike defendant Metro's[2] allegedly late-filed opposition to his motion for leave to file an amended complaint.[3] For the reasons set forth below, the Court denies both motions.

　　　　Local Rule 15-1(a) provides that "[u]nless otherwise permitted by the Court, the moving party shall attach the proposed amended [complaint] to any motion to amend, so that it will be complete in itself without reference to the superseding [complaint]." The Court has not permitted Denson to file the motion without attaching the proposed amended complaint. Therefore, the Court denies his motion to amend as violative of LR 15-1(a).

　　　　The Court notes that the Local Rule's requirement of attaching a proposed amended complaint to a motion for leave to file an amended complaint is not a mere technicality. As Metro points out, a defendant cannot determine whether or not to oppose a motion for leave to amend if the defendant does not know the contents of the proposed amended complaint.[4]

---

[1] (Dkt. No. 93.)

[2] "Metro" is short for Las Vegas Metropolitan Police Department.

[3] (Dkt. No. 101.)

[4] (*See* Dkt. No. 95.)

Although Denson's motion lists the persons he seeks to add as defendants, the motion does not explain what claims those persons will face or how those persons were involved in the alleged illegal conduct. Thus, neither the defendants nor the Court can determine whether the proposed amendment would be futile.

As to Denson's motion to strike, he is incorrect that Metro's response brief was untimely filed. Under Local Rule 7-2(b), responses are due within 14 days after service of the motion. The responding party has three extra days if the motion was electronically served on the responding party.[5] Denson's motion for leave to amend was filed on June 10, 2013, and was electronically served on Metro's counsel. Metro therefore had 17 days—that is, until June 27—to file a response. Metro filed its response on June 26, one day before the deadline.

The Court DENIES both Denson's motion for leave to file an amended complaint (Dkt. No. 93) and Denson's motion to strike (Dkt. No. 101).

DATED this 30th day of April, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[5] FED. R. CIV. P. 6(d).