**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD DENSON<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF GILLESPIE, et al,<br><br>Defendants. | Case No. 2:10-cv-00525-APG-VCF<br><br>**ORDER GRANTING DEFENDANT NAPHCARE, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. #134) |

Pro se plaintiff Richard Denson was struck by an unmarked police truck while officers attempted to arrest him for burglarizing a Wendy's restaurant. Denson was provided medical care, and X-rays revealed he had fractured ribs. Denson was later incarcerated at Clark County Detention Center ("CCDC"), where NaphCare administers medical care to inmates. Denson alleges NaphCare violated his Fourteenth Amendment rights by implementing a policy of deliberate indifference to his medical needs and charging him for medications. But Denson's own evidence reveals that NaphCare responded to all of his requests and administered all prescribed medication. Denson fails to provide any evidence showing NaphCare has a policy of indifference to inmates' medical needs. Denson has failed to raise a genuine dispute of fact as to whether NaphCare implemented a policy indifferent to his medical needs. I therefore grant NaphCare's motion for summary judgment. (Dkt. #134.)[1]

**I.    BACKGROUND**

On January 7, 2010, Denson fled from the scene of a burglary and was struck by an unmarked police truck. He suffered slight fractures to his ribs. Denson was treated at University

---

[1] Because I find NaphCare is entitled to summary judgment on Denson's claims against it, I need not reach NaphCare's alternative arguments addressing punitive damages.

Medical Center and then incarcerated at CCDC.[2]  At CCDC, NaphCare examined Denson and took over his treatment.  Over the following nine months, Denson regularly complained of pain and requested additional examinations and medications.[3]  NaphCare staff typically responded to Denson's complaints within 24 hours, if not sooner.[4]  Under NaphCare's care, Denson was treated by nurse practitioners, physicians, and radiologists on multiple occasions.[5]  Denson was given his prescribed medications free of charge, but was told that, if he desired medications that were not prescribed, he would need to purchase them.[6]

NaphCare has an official policy which sets out practices for initial screenings, medical evaluations, inmate access to healthcare, administration of medications, and medical appointments.[7]

## II.  LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

---

[2] (Dkt. #134, Ex. D.)

[3] *See, e.g.,* (Dkt. #134, Ex. F, at 87.)

[4] Denson made dozens of requests to NapchCare, and NaphCare responded to each typically within 24 hours.  *See, e.g.,* (Dkt. #134, Ex. F, at 50, 85-87, 89-91, 96-99, 102, 119-120, and 125.)

[5] (Dkt. #134, Ex. F, at 50, 85-90.)

[6] (Dkt. #134, at Ex. F, at 124, 133.)

[7] (Dkt. #142.)

law."[8]  For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[9]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[10]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[11]  She "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[12]

A party must support or refute the assertion of a fact with admissible evidence.[13]  As the summary judgment procedure is the pretrial functional equivalent of a directed-verdict motion, it requires consideration of the same caliber of evidence that would be admitted at trial.[14]  Thus, it is insufficient for a litigant to merely attach a document to a summary judgment motion or opposition without affirmatively demonstrating its authenticity.  A document filed pro se is "liberally construed."[15]  But, nevertheless, pro se litigants must follow the same rules of procedure that govern other litigants.[16]

---

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[9] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[11] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[12] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[13] Fed. R. Civ. Proc. 56(c)(1); Orr, 285 F.3d at 773; *Harris v. Graham Enterprises, Inc.*, 2009 WL 648899, at *2 (D. Ariz. Mar. 10, 2009).

[14] *Anderson*, 477 U.S. at 251 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983)).

[15] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[16] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

**B.    42 U.S.C. § 1983**

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the U.S. Constitution and federal statutes.[17] Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[18] "To state a claim under § 1983, a plaintiff must [1] allege the violation of a right secured by the Constitution and laws of the United States, and must [2] show that the alleged deprivation was committed by a person acting under color of state law."[19]

For purposes of claims brought under § 1983, a private entity like Naphcare is treated as a municipality.[20] Municipalities are not "vicariously liable for the deprivation of constitutional rights by employees."[21] To be liable, the municipality itself must deliberately implement a policy or custom which causes a constitutional violation.[22] A municipality may be liable for failing to act only if its failure was intentional, amounting to "deliberate indifference" to an individual's constitutional rights.[23]

---

[17] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[18] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[19] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[20] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012); *Repass v. Clark Cnty. Det. Ctr.*, No. 2:13-CV-00237-APG, 2014 WL 335040, at *7 (D. Nev. Jan. 29, 2014) (treating Naphcare as a municipality).

[21] *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014).

[22] *Id.*

[23] *Id.*

"Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."[24] A pattern of violations is "ordinarily necessary" to demonstrate deliberate indifference.[25] Negligence, including medical malpractice, "does not become a constitutional violation merely because the victim is a prisoner."[26] In fact, even gross negligence is insufficient to establish a constitutional violation.[27] Finally, a § 1983 plaintiff can prevail only by demonstrating that the alleged policy is so "closely related to the ultimate injury" as to constitute the "moving force behind" it.[28]

## III.  DISCUSSION

Because Denson has sued NaphCare as an entity, and there is no vicarious liability under § 1983, Denson must prove NaphCare implemented a policy or practice that caused a violation of constitutional rights.  Denson alleges NaphCare failed to provide needed medical treatment. Thus, he must meet the high standard of showing NaphCare was "deliberately indifferent" to inmates' medical needs.

Denson argues NaphCare has a policy of deliberate indifference to inmate medical needs because: (1) NaphCare delayed for six months before providing Denson x-rays or pain medications, (2) NaphCare unreasonably delayed in responding to Denson's requests for medical treatment, and (3) NaphCare failed to provide necessary medical treatment.[29] Denson has failed

---

[24] *Connick*, 131 S.Ct. at 1360.

[25] *Id.*

[26] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[27] *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *I.W. v. Grubbs*, 92 F.3d 894, 897 (9th Cir. 1996).

[28] *Wayman v. Cnty. of Los Angeles*, 23 F. App'x 770, 773 (9th Cir. 2001) (citations omitted).

[29] Denson also alleges he was unfairly charged for medications.  Not only does the undisputed evidence indicate Denson received prescribed medications regardless of his ability to

Page 5 of 7

to provide any evidence in support of his allegations.  In contrast, NaphCare has submitted admissible evidence rebutting each of Denson's allegations.

First, Denson asserts, without any supporting evidence, that he was not given pain medication or x-rays for six months after his injury.[30]  But the undisputed evidence shows Denson received x-rays on the night of his injury,[31] seven days after his injury,[32] and about a month after his injury.[33]  Similarly, undisputed evidence shows Denson received pain medications the evening of his injury, and on a regular basis once he was incarcerated at CCDC.[34]

Second, despite Denson's suggestion otherwise, the admissible evidence shows that NaphCare responded to each of Denson's requests for medical treatment, typically within 24 hours.[35]  NaphCare provided Denson with all of the medication he was prescribed.  NaphCare arranged for Denson to attend numerous appointments with medical providers, and NaphCare complied with each provider's orders.  That NaphCare may have delayed two days when responding to some of Denson's many requests for care is not enough to raise a triable issue as to whether NaphCare was deliberately indifferent to his medical needs.  Even if it was, Denson has failed to cite any evidence showing NaphCare was aware of an appreciable risk to inmate health such that it can be said to have a practice of deliberate indifference to inmate medical needs.

---

pay, Denson fails to point out how his constitutional rights would be violated by a policy of charging for medications. *See, e.g.,* (Dkt. #142 at 5) (stating that Denson was to receive prescribed medications, and any additional medications could be purchased).

[30] (Dkt. #142, at 9.)

[31] (Dkt. #134, Ex. C.)

[32] (Dkt. #134, Ex. F, at 87, 112.)

[33] (*Id.* at 89, 113.)

[34] (*Id.* at 50, 85-87, 89-91, 96-99, 102, 119-120, and 125.)

[35] *See* (Dkt. #134, Ex. F, at 124-152; Dkt. # 142, at 17-36.)

Finally, Denson may disagree with his doctors' courses of treatment, but that is not enough to create a triable issue. Denson has not submitted any admissible evidence showing that NaphCare failed to provide necessary medical treatment. In fact, NaphCare's undisputed evidence shows the opposite: Denson was treated by numerous medical providers, received his prescribed medications, and was evaluated when he complained of pain or other health issues.

Denson has provided no support, either evidentiary or by analogy to relevant case law, for the notion that the level of care provided by NaphCare was constitutionally inadequate. Denson fails to provide any evidence that NaphCare was aware its existing policies represented an appreciable risk to prisoners and deliberately proceeded in the face of this risk.[36] Because Denson's allegations are not sufficient to survive a motion for summary judgment, NaphCare's motion must be granted.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant NaphCare, Inc.'s Motion for Summary Judgment (Dkt. #134) is GRANTED. Judgment is entered in favor of NaphCare, Inc.

DATED this 5th day of January, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[36] For example, there is no evidence of a pattern of violations. And notably, this is not a situation where the entity had no policy in place: NaphCare has a policy setting forth practices for evaluating and treating inmates in a timely fashion.